Chiqui-Sanchez v. Garland

BIA
Palmer, IJ
A206 470 895

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of June, two thousand twenty-four.

PRESENT:
> WILLIAM J. NARDINI,
> ALISON J. NATHAN,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

FABIAN GERARDO CHIQUI-SANCHEZ,
> *Petitioner,*

v.                                                                    **22-6293**
                                                                      **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:               Michael Borja, Borja Law Firm, P.C., Jackson
                              Heights, NY.

**FOR RESPONDENT:**    Brian M. Boynton, Principal Deputy Assistant Attorney General; Sabatino F. Leo, Assistant Director; Madeline Henley, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Fabian Gerardo Chiqui-Sanchez, a native and citizen of Ecuador, seeks review of a May 18, 2022 BIA decision, summarily affirming an Immigration Judge ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Fabian Gerardo Chiqui-Sanchez*, No. A206 470 895 (B.I.A. May 18, 2022), *aff'g* No. A206 470 895 (Immig. Ct. N.Y. City June 6, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

"When the BIA summarily affirms the decision of an IJ, we review the IJ's decision as the final agency determination." *Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). We review an adverse credibility determination "under the substantial evidence standard," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the administrative findings of fact are conclusive unless any

2

reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B). We conclude that Chiqui-Sanchez has failed to adequately exhaust or challenge the IJ's adverse credibility determination.

Under 8 U.S.C. § 1252(d)(1), we "may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right." While not jurisdictional, the issue exhaustion requirement is "mandatory," where, as here, the Government raises it. *See Ud Din v. Garland*, 72 F.4th 411, 419–20 & n.2 (2d Cir. 2023). In addition to this mandatory exhaustion rule, "[w]e consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." *Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) (quotation marks omitted).

The IJ denied Chiqui-Sanchez's claims on credibility grounds. Specifically, the IJ found Chiqui-Sanchez's responses to be "unresponsive, evasive, and vague," identified three inconsistencies from his testimony and written statements, and noted that he knowingly submitted a letter falsely alleging that a soldier shot at him. The IJ then concluded that Chiqui-Sanchez failed to rehabilitate his credibility through his other documentary evidence.

The IJ's adverse credibility findings were not challenged by Chiqui-Sanchez either before the BIA or before us today. Instead, he asserts only that any inconsistencies cited by the IJ are "minor" and should not have been relied upon for its adverse credibility determination. Certified Administrative Record ("CAR") at 9–10; Petitioner's Br. at 8. However, "an IJ may rely on any inconsistency . . . as long as the totality of the circumstances establishes that an asylum applicant is not credible" and "the cumulative effect" of inconsistencies may "be deemed consequential by the fact-finder." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (quotation marks and emphasis omitted); *see also* 8 U.S.C. § 1158(b)(1)(B)(iii).

Accordingly, we conclude that any challenges to the findings underlying the IJ's adverse credibility determination are both unexhausted and abandoned. *See Ud Din*, 72 F.4th at 419–20 & n.2; *Debique*, 58 F.4th at 684. These unchallenged findings are sufficient to support the IJ's adverse credibility determination.[1] *See Shunfu Li*, 529 F.3d at 146–47.

---

[1] Were we to review the IJ's adverse credibility determination, we would conclude that it was supported by substantial evidence, as there are no errors in the inconsistency findings, the IJ's reliance on Chiqui-Sanchez's submission of a letter containing admittedly false information, or the IJ's determination that Chiqui-Sanchez failed to otherwise rehabilitate his credibility.

The IJ's adverse credibility determination is dispositive of Chiqui-Sanchez's claims for asylum, withholding of removal, and CAT relief because all three forms of relief are based on the same discredited factual predicate. *See Hong Fei Gao*, 891 F.3d at 76. Because Chiqui-Sanchez's credibility is dispositive, we decline to reach the IJ's alternative findings denying his claims on the merits. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe,
> Clerk of Court

5